UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>   Plaintiff,<br><br> v.<br><br>J. BEARDS, et al.,<br><br>   Defendants. | No. 2:19-cv-1441-EFB P<br><br><br>ORDER |

Plaintiff, proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 7.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

### Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff's complaint fails to present a "short and plain statement of [his] claim" as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 8 (a)(2). The twenty-page complaint lacks any effective method of overall organization and, instead, propounds a list of discrete and underdeveloped allegations. Reading the complaint, it is entirely unclear to the court which allegations are being offered solely for context and which form the substantive basis of this suit. Plaintiff begins, for instance, by alleging that restrictions were unjustly placed on his ability to visit with minors in 2014. ECF No. 1 at 6. A page later, he complains about an alleged incident of excessive force/retaliation. *Id.* at 7. Elsewhere, he broadly alleges that prison officials have retaliated against him for filing appeals and that they have conspired with his cellmates to "get into it with [him]." *Id.* at 10. He describes medical issues which he alleges were not

addressed (*id.* at 14-15), inadequate procedures during a disciplinary hearing (*id.* at 16), inappropriate sexual advances by defendant correctional officers (*id.* at 17), interference with prescribed medications by defendants (*id.* at 19), and denial of access to courts (*id.* at 11, 20). Suffice it to say, defendants could not reasonably be expected to grasp the contours of the claims being made against them from this complaint. Additionally, plaintiff is informed that he may not – as he attempts to do here – bring multiple, unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").

### III. Leave to Amend

Plaintiff will be given leave to amend to address the deficiencies identified above. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

1    Any amended complaint should be as concise as possible in fulfilling the above
2 requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual
3 background which has no bearing on his legal claims. He should also take pains to ensure that his
4 amended complaint is as legible as possible. This refers not only to penmanship, but also spacing
5 and organization. Plaintiff should carefully consider whether each of the defendants he names
6 actually had involvement in the constitutional violations he alleges. A "scattershot" approach in
7 which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4