UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BEARDS, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1441-EFB P<br><br><br><br>ORDER |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On April 22, 2020, the court dismissed plaintiff's initial complaint after finding that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and impermissibly attempted to join unrelated claims against more than one defendant. ECF No. 9. Plaintiff was given leave to amend and he has now submitted an amended complaint (ECF No. 12) which the court must screen.

## Screening

I.　Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff's amended complaint retains the defects which afflicted its predecessor. As before, he has joined several unrelated claims against more than one defendant. He alleges: (1) that defendants J. Macomber and J. Beards were deliberately indifferent to his serious medical needs by denying him a single-man cell; (2) defendants D. Bodenhamer, J. Ma, A. Arya, J. Wedell, P. Sahota, and J. Beards were deliberately indifferent to his serious medical needs by denying him thicker clothing, an orthopedic mattress, a specialized cervical pillow, and effective medication for his chronic pain; (3) defendant B. Johnson violated plaintiff's Eighth Amendment rights by sexually assaulting him during a disciplinary hearing; (4) defendants D. Fields, J. Lewis,

B. Johnson, G. Turner, J. Lynch, J. Macomber, and J. Beards violated his due process rights by issuing him a rules violation report in connection with a prison riot and failing to safeguard his procedural rights in the hearing that followed; and (5) defendants D. Fields, J. Lewis, B. Johnson, T. Viles, G. Turner, J. Lynch, J. Macomber, and J. Beards violated his equal protection rights by filing false rules violation reports against black inmates. ECF No. 12 at 14-23. These claims bear no obvious factual relation to each other and litigating them jointly in a single case would be untenable.

Additionally, plaintiff's complaint is still non-compliant with Rule 8. While he has now undertaken to identify the discrete claims he seeks to pursue, the substantive allegations of the complaint are still difficult to parse. For instance, in his equal protection claim, he alleges that defendants have filed false rules violation reports against black inmates. *Id.* at 22. He also, however, alleges that "defendants have implemented a policy of allowing a physician who is not an orthopedic surgeon to look at plaintiff . . . ." *Id.* It is entirely unclear how this allegation is related to an equal protection violation. Moreover, within each claim, it is impossible to apportion responsibility between the numerous listed defendants.

The court will afford plaintiff one final opportunity to amend his complaint.

III.     Leave to Amend

Plaintiff will be given leave to amend to address the deficiencies identified above. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////     Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

1  *George*, 507 F.3d 605 at 607.

2      Any amended complaint must be written or typed so that it so that it is complete in itself

3  without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

4  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

5  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

6  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

7  being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

8  1967)).

9      Any amended complaint should be as concise as possible in fulfilling the above

10 requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual

11 background which has no bearing on his legal claims. He should also take pains to ensure that his

12 amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

13 and organization. Plaintiff should carefully consider whether each of the defendants he names

14 actually had involvement in the constitutional violations he alleges. A "scattershot" approach in

15 which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

17     Accordingly, it is ORDERED that:

18     1. Plaintiff's amended complaint (ECF No. 12) is dismissed with leave to amend within

19 30 days from the date of service of this order; and

20     2. Failure to file an amended complaint that complies with this order may result in the

21 dismissal of this action for the reasons stated herein.

22 DATED: September 28, 2020.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE