UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BEARDS, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-01441-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT INSTRUCTIONS<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 16<br><br>SIXTY-DAY DEADLINE |

      Plaintiff David Florence is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His first two complaints were dismissed with leave to amend. ECF Nos. 9 & 13. He has filed another amended complaint, which is now before the court for screening. ECF No. 16. As with his previous complaints, plaintiff has joined numerous unrelated claims in a lengthy complaint. He alleges that: (1) defendants J. Macomber, Sahota, and Beards were deliberately indifferent to his serious medical needs by denying him treatment for arthritis and a torn meniscus; (2) defendant Beards violated his Eighth Amendment rights by

implementing a policy of allowing inmates only two consecutive toilet flushes per day; (3) defendant Beards violated his rights by implementing a policy of "constructive possession" whereby inmates were punished for their cellmate's possession of contraband; (4) defendants Arya, Wedall, and Bodenhamer were deliberately indifferent to his serious medical needs by denying him adequate pain medication; (5) defendant B. Johnson violated his Eighth Amendment rights by sexually assaulting him; (6) defendant B. Johnson violated his due process rights in connection with a disciplinary violation hearing; (7) defendants B. Johnson, Fields, Lewis, Viles, Turner, and Lynch violated plaintiff's equal protection rights by leniently enforcing prison regulations against white inmates and harshly enforcing them against Black inmates; and (8) defendants Lynch, Turner, Viles, Fields, and Lewis violated plaintiff's First Amendment rights by retaliating against him for participating in a prison riot. ECF No. 16 at 13-33.  These allegations are not sufficiently related to proceed in a single action.  Plaintiff has been warned repeatedly that unrelated claims against multiple defendants can not proceed.  ECF No. 9 at 3; ECF No. 13 at 2 ("Plaintiff's amended complaint retains the defects which afflicted its predecessor.  As before, he has joined several unrelated claims against more than one defendant.").  At this point, I can only conclude that plaintiff is incapable of or unwilling to follow court instructions.  For the reasons stated below, I recommend that this action be dismissed.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) (A district court may, in its discretion, "deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'").

                          Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

As stated above, the court has repeatedly instructed that unrelated claims against more than one defendant belong in different suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Plaintiff has filed two amended complaints and ignored the court's instructions in both. The last screening order warned that the next complaint would be plaintiff's final opportunity to amend. ECF No. 13 at 3.

I must consider the following five factors in determining whether to dismiss an action for failure to prosecute or comply with court orders: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted). The first two factors weigh in favor of dismissal. This action was filed in July of 2019 and, because of plaintiff's failure to follow court instructions, has not moved past the screening stage. The third factor also favors dismissal; no defendants have yet been served and, given plaintiff's inability to correct the deficiencies in his complaints, it is unlikely that any ever will be. The fourth factor weighs against dismissal, but it stands alone. The fifth factor favors dismissal. There are only two possible alternatives to dismissal here: granting plaintiff further leave to amend, or choosing a claim for him. Neither is appropriate. Plaintiff's repeated failure to improve his complaints cautions against further opportunity to amend. And, if plaintiff will not select which of his claims should proceed, it would not be appropriate for me to do so for him.

    Accordingly, it is ordered that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

    For the reasons above, I recommend that this case be dismissed without prejudice for plaintiff's failure to prosecute and follow court instructions. This recommendation will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5